# IN THE COURT OF APPEALS OF IOWA

No. 13-0874
Filed June 25, 2014

**JOSEPH M. AGAN,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Appanoose County, Annette J. Scieszinski, Judge.


     Appeal from the district court's dismissal of a postconviction relief action.
**AFFIRMED.**


     Julie R. De Vries of De Vries Law Office, P.L.C., Centerville, for appellant.

     Joseph Agan, Clarinda, pro se appellant.

     Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, and Richard Scott, County Attorney, for appellee.


     Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**MCDONALD, J.**

Joseph Agan appeals from the district court's dismissal of his postconviction relief action, claiming the court erred in denying his request for a transcript, in denying his attorney's motion to withdraw, and in granting the State's motion to dismiss for failure to state a claim. He further contends his postconviction counsel was ineffective in allowing the court to proceed in the postconviction action without obtaining a ruling on the request for a transcript. We affirm the judgment of the district court.

In 2012, Agan filed a pro se "petition alleging illegal sentence," which the court treated as an application for postconviction relief. Appointed counsel (who had represented Agan in an earlier case) filed an application for a transcript at State expense and then filed a motion to withdraw on the chance Agan wanted to raise a claim counsel had been ineffective. The State moved to dismiss for failure to state a claim.

The court summarized Agan's claims:

> In his revised and amended Petition Alleging Illegal Sentence, and as explained in his revised and clarified trial testimony, Agan raises questions about how the Executive Branch of government has treated him. He chides the actions of the prosecutor, asserting that he feels it is unfair that he was not offered the same plea deals as his two co-defendants. He decries the actions of the Appanoose County Sheriff in charging "pay for stay" that resulted in the August 24, 2009 entry of a restitution judgment for $13,755.79. He also questions the Department of Corrections' recordkeeping practices, and worries that an online mention of the sentences he has accumulated might mislead the Parole Board into believing that he needs to discharge a maximum amount of time of 35 years (25 plus 10) rather than just the 25 incurred in 2009.

The court considered whether any ineffective assistance claims could be made and found no basis for any. Because none of the claims Agan made "warrant[ed] investigation through court transcripts," the court determined there was no need for a transcript. The court denied Agan's petition, denied counsel's motion to withdraw as moot, and granted the State's motion to dismiss.

We review sentences for correction of errors at law. *See* Iowa R. App. P. 6.907. An illegal sentence may be corrected at any time. *See* Iowa R. Crim. P. 2.24(5)(a). Postconviction relief proceedings are civil actions reviewable for correction of errors at law. *See Goosman v. State*, 764 N.W.2d 539, 541 (Iowa 2009). To the extent an applicant raises constitutional questions, our review is de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

In its well-reasoned ruling, the district court carefully considered and correctly decided Agan's claims. The court did not err in its decision to grant the State's motion to dismiss because Agan did not raise any claim that would make him eligible for postconviction relief. *See* Iowa Code § 822.2 (2011). Because the transcript was not necessary for the court to consider Agan's claims, the court did not err in denying his request for a transcript. Because there were no ineffective assistance claims, the court did not err in denying counsel's motion to withdraw. Because the transcript was not necessary, Agan's attorney was not ineffective in not obtaining a ruling on the request for a transcript before the hearing on Agan's claims. We affirm the district court pursuant to Iowa Rule 21.26(1)(a) and (d).

**AFFIRMED.**